**STATE OF MONTANA,**
        **Plaintiff,**

vs.

**Jamie T. Froelich,**
        **Defendant.**

**NO. 9845**

**DECISION**

On July 19, 1994, the Court found the defendant in violation of the conditions of his deferred sentence and it is the judgment of the Court that defendant's prior deferred sentence is hereby revoked and that the defendant be and he is hereby committed to the Department of Corrections for a term of ten (10) years for suitable placement, which may include an appropriate community based program, facility, or a State correctional institution. It is the recommendation of the Court that the defendant be considered for placement at the Swan River Correctional Training Center. If the defendant successfully completes the Swan River Correctional Training program and the defendant is placed under the Department of Corrections, all of the conditions and provisions of the Judgment done in open Court on the 20th day of February, 1992, shall apply. Pursuant to 46-18-202(e), M.C.A., the Court recommends as a condition of any parole or early release that the defendant shall be required to pay all of the costs as ordered in the Judgment done in open Court on the 20th day of February, 1992. The defendant should pay the financial obligations on a schedule which the defendant shall devise with the Probation Officer as soon as possible after the defendant is released, if the defendant is released. Due to the defendant's failure to comply with the terms and conditions of his deferred sentence while under the supervision of the Department of Probation and Parole, the Court finds that he is not entitled to receive, and shall not receive, credit for any elapsed time between the date of his conviction and the date of this Order, except that he shall receive credit for August 3, 1991; from September 18, 1992, through September 19, 1992; from January 4, 1994, through January 5, 1994; from April 23, 1994, through April 26, 1994, for nine (9) days jail time which he has previously served.

On March 22, 1995, a motion for reduction of defendant's sentence was filed with the State responding on March 30, 1995, stating the matter is in the discretion of the Trial Court. Therefore, based on defendant's successful completion of Boot Camp, the Courts orders that the imposition of sentence in the above matter be deferred for a period of six years commencing on the date of the original judgment. The terms and conditions of probation are listed as in the May 11, 1995 judgment.

On August 22, 1996, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 22nd day of August, 1996.

DATED this 16th day of September, 1996.

**Chairman, Hon. Ted O. Lympus**
**Member, Hon. Jeffrey M. Sherlock**
**Member, Hon. William Nels Swandal**

The Sentence Review Board wishes to thank Jamie T. Froehlich for representing himself in this matter.